(Reap. Dec. 10342)

MORRIS FRIEDMAN v. UNITED STATES

Entry Nos. 20469; 16536; 1284.

(Decided September 27, 1962)

*Stein & Shostak* for the plaintiff.
*Joseph D. Guilfoyle*, Acting Assistant Attorney General, for the defendant.

RICHARDSON, Judge: Counsel for the parties have submitted the appeals for reappraisement enumerated in the attached schedule for decision upon a stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, that the merchandise covered by the appeals for reappraisement enumerated on the attached schedule A, attached hereto and made a part hereof, consists of marble statuary exported from Italy between June 29, 1957 and March 30, 1958.

IT IS FURTHER STIPULATED AND AGREED that the merchandise and the issues in the appeals for reappraisement enumerated in the Schedule attached hereto and made a part hereof are the same in all material respects as the merchandise and the issues decided in the case of *Bruce Marble & Granite Works, et al.* v. *United States*, Reap. Dec. 9959, and that the record in said case be incorporated and made a part of the record herein.

IT IS FURTHER STIPULATED AND AGREED that at the time of exportation of the instant merchandise to the United States, the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for export to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the invoiced unit values, less nondutiable charges, and that there were no higher foreign values for such or similar merchandise at the time of exportation.

On the agreed facts, I find that as to the merchandise entered for consumption prior to February 27, 1958, export value, as that value is defined in 19 U.S.C.A., section 1402(d) (section 402(d), Tariff Act of 1930), is the proper basis for the determination of the value of said merchandise, and as to the merchandise entered for consumption after February 27, 1958, export value, as that value is defined in 19 U.S.C.A., section 1401a(b) (section 402(b), Tariff Act of 1930, as amended by Customs Simplification Act of 1956), is the proper basis for the determination of the value of said merchandise and that the respective invoice unit prices, less nondutiable charges, represent said export values.

Judgment will be entered accordingly.